Andrea F. Oxman (SBN 252646)
Maia Mdinaradze (SBN 291478)
JACKSON LEWIS P.C.
725 S. Figueroa St., 25th Floor
Los Angeles, CA 90017
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
Andrea.Oxman@jacksonlewis.com
Maia.Mdinaradze@jacksonlewis.com

Marco A. Garcia (SBN 343720)
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
Marco.Garcia@jacksonlewis.com

Attorneys for Defendant
DRIFTWOOD HOSPITALITY MANAGEMENT II, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'24 CV 1767 TWR KSC

| | |
|---|---|
| CHERISH ILER, individually and on behalf of all other aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>DRIFTWOOD HOSPITALITY MANAGEMENT II, LLC; and DOES 1-10, inclusive,<br><br>Defendants. | **NOTICE OF REMOVAL AND REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 and 1441**<br><br>**(Diversity Jurisdiction)**<br><br>*[Filed concurrently with Declarations of Nasima Baerde and Andrea F. Oxman; Civil Cover Sheet; Notice of Party with Financial Interest; and Corporate Disclosure Statement]*<br><br>Complaint filed:   September 12, 2023<br>Case Removed:    October 3, 2024 |

1

NOTICE OF REMOVAL AND REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332, 1441

**TO THE HONORABLE JUDGE AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Driftwood Hospitality Management II, LLC ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441, thereby removing the above-entitled action from the Superior Court of the State of California in and for the County of San Diego (the "Superior Court") to the United States District Court for the Southern District of California (the "Court").

The following statement of grounds for removal is submitted pursuant to the provisions of 28 U.S.C. section 1446.

## I.  PRELIMINARY STATEMENT OF JURISDICTION

1.  The Court has jurisdiction over this matter under 28 U.S.C. section 1332(a)(1), and therefore, this case may be removed to this Court under 28 U.S.C. section 1441, in that it is a civil action between citizens of different states, and the amount placed in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). As set forth below, jurisdiction within this Court is proper and the action is timely and properly removed upon the filing of this Notice of Removal.

## II.  PLEADINGS AND PROCESS

2.  On August 12, 2024, Plaintiff Cherish Iler ("Plaintiff") filed a Complaint in the Superior Court entitled *Cherish Iler v. Driftwood Hospitality Management II, LLC, et al.*, Case No. 24CU005474C (the "State Court Action"). A true and correct copy of the Complaint filed by Plaintiff in the State Court Action is attached to the Declaration of Andrea F. Oxman ("Oxman Decl.") as Exhibit A.

3.  In the Complaint, Plaintiff asserts the following 11 causes of action against Defendant: (1) retaliation in violation of California Labor Code sections 98.6, 232.5, 1102.5, and 6310; (2) wrongful termination of employment in violation of public policy; (3) intentional infliction of emotional distress; (4) failure to pay all wages; (5) meal period violations; (6) rest period violations; (7) failure to reimburse business expenses;

1  (8) wage statement violations; (9) waiting time penalties; (10) unfair competition; and
2  (11) violations of the Private Attorneys General Act of 2004 ("PAGA"). Oxman Decl.,
3  Ex. A.
4     4.   Plaintiff seeks general and compensatory damages including for alleged loss
5  of earnings and other economic damages, unpaid wages, including minimum and
6  overtime wages, reporting time pay, sick pay, vacation pay, meal and rest period
7  premiums, waiting time penalties pursuant to California Labor Code section 203,
8  liquidated damages pursuant to California Labor Code section 1194.2, statutory penalties
9  under the California Labor Code and applicable California Industrial Welfare
10 Commission Wage Orders, punitive damages, treble damages pursuant to California
11 Penal Code section 496(c), and attorneys' fees. (Oxman Decl., Ex. A, (Complaint), ¶ 1
12 and Prayer for Relief.)
13    5.   Defendant accepted service of the Complaint via Notice of
14 Acknowledgement and Receipt on September 3, 2024.  (Oxman Decl., ¶ 3, Ex. C.)   True
15 and correct copies of the Summons and all related documents served on Defendant in the
16 State Court Action other than the Complaint are collectively attached to the declaration of
17 Andrea F. Oxman as Exhibit B. A true and correct copy of the Notice and
18 Acknowledgement of Receipt Defendant's counsel executed on September 3, 2024 is
19 attached to the declaration of Andrea F. Oxman as Exhibit C.
20    6.   Defendant is informed and believes that it is the only named defendant in the
21 State Court Action. (Oxman Decl., ¶ 5.)
22    7.   On October 2, 2024, Defendant timely filed and served its Answer to the
23 Complaint in the State Court Action. A true and correct copy of Defendant's Answer
24 filed in the State Court Action is attached to the declaration of Andrea F. Oxman as
25 Exhibit D.
26    8.   All the pleadings that have been filed in the State Court Action as of the
27 filing of this Notice of Removal are attached as Exhibits A through D to the declaration
28 of Andrea F. Oxman.

### III. TIMELINESS OF REMOVAL

9. This Notice of Removal is timely under 28 U.S.C. section 1446(b) because it is being filed on October 3, 2024—*i.e.,* within thirty (30) days after the service of process of the Summons and Complaint was completed on September 3, 2024. (See Exs. B and C to Oxman Decl., ¶¶ 2 - 4.) *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (the thirty-day removal deadline is triggered by actual service of the complaint); Fed R. Civ. Proc. 6. ("the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

### IV. VENUE

10. The State Court Action was filed in the Superior Court in the County of San Diego, which lies within the Southern Judicial District of California. 28 U.S.C. §§ 84(d) ("The Southern District comprises the counties of Imperial and San Diego. Court for the Southern District shall be held at San Diego.").

11. As such, venue properly lies in the United States District Court for the Southern District of California. *See* 28 U.S.C. §§ 84(c), (c)(3), 1391, and 1441(a).

### V. THE COURT MAY EXERCISE DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. SECTION 1332(a).

12. This case meets the requirements of 28 U.S.C. section 1332(a) and may be removed to this Court pursuant to 28 U.S.C. section 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

#### A. The Parties Are Citizens of Different States.

13. Complete diversity of jurisdiction exists in that Plaintiff and Defendant are citizens of different states.

14. Per her Complaint, "[a]t all relevant times…Plaintiff was, and currently is, a California resident." (Oxman Decl., Ex. A (Complaint), ¶ 5.) Plaintiff was previously employed at the Holiday Inn Express, in Ridgecrest, California—a location managed by Driftwood—from September 19, 2023 to June 12, 2024. (Oxman Decl., Ex. A

(Complaint), ¶ 12; Declaration of Nasima Baerde ("Baerde Decl."), ¶ 4.)

15.  For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.'" *Lew v. Moss* 797 F.2d 747, 749-50 (9th Cir. 1986) (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)). A plaintiff's place of residency is evidence of his or her domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a[n] [individual] lives is properly taken to be his domicile until facts adduced establish the contrary."); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (noting a party's residence is *prima facie* evidence of his or her domicile); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("the place of residence is prima facie the domicile").

16.  For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). A party may establish the citizenship of members of a limited liability company that are business entities by establishing the state of organization of those business entities and their principal places of business. *See Ha Nguyen v. BMW of N. Am., LLC,* 2021 U.S. Dist. LEXIS 111189, at *4 (S.D. Cal., 2021).

17.  Defendant is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Florida. (Baerde Decl., ¶ 5; Oxman Decl., Ex. A (Complaint), ¶ 6 (admitting defendant is a Delaware LLC).)

18.  Defendant's sole member is DHM Holdings, LP. DHM Holdings, LP, is a Delaware domestic partnership. DHM Holdings, LP's General Partner is DHM Holdings, GP, LLC, which has a principal place of business in Coral Gables, Florida. DHM

Holdings, LP has 37 limited partners, none of whom reside in California. "For purposes of diversity jurisdiction, a limited partnership is a citizen of all of the states of which its partners are citizens." *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed.Appx. 62, 64. (9th Cir. 2011).

19. Therefore, Defendant is a citizen of Delaware and Florida for purposes of diversity jurisdiction.

20. The only other defendants named in the Complaint are fictitious parties identified as "Does 1 through 10," whose citizenship shall be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

21. Thus, with Plaintiff, as a citizen of California, and Defendant, as a citizen of Delaware and Florida, complete diversity of citizenship between the parties exists within the meaning of 28 U.S.C. section 1332.

### B. Plaintiff's Allegations Place More Than $75,000 in Controversy.

22. While Defendant denies any liability, denies that Plaintiff is entitled to damages, and denies that Plaintiff could recover damages in any amount whatsoever, the amount in controversy more likely than not exceeds $75,000 based on the allegations, claims, and prayer for relief in the Complaint.

23. When a complaint does not specify the total dollar amount of damages sought, as here, a defendant need only establish that it is more probable than not that a plaintiff's claims exceed the jurisdictional minimum. *See Sanchez v. Monumental Live Ins. Co.* 102 F.3d 398, 404 (9th Cir. 1996); *see also*, *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum" in any case in which "the plaintiff does not plead a specific amount in controversy."); *Steele v. Grainger, Inc.*, 2013 U.S. Dist. LEXIS 81381, at *14 (S.D. Cal., 2013) (noting that "a plaintiff cannot . . . lower the amount of monetary relief requested in an attempt to evade federal jurisdiction").

24. Courts "must assume that the allegations of the complaint are true and that a jury [will] return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal., 2002).¹ The ultimate inquiry is the amount placed "in controversy" by the complaint and not the amount that a defendant would owe if the plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (2010); s*ee also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal., 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy."). The "amount in controversy is simply an estimate of the total amount in dispute." *Lewis*, 627 F.3d at 400.

25. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56. Punitive damages are also included in calculating the amount in controversy. (*Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

26. Defendant has a reasonable good faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000, notwithstanding the fact that the Complaint does not specify the dollar amount of damages being sought, for the following reasons:

    a. Plaintiff admits that the amount in controversy is at least $35,000. (Oxman Decl., Ex. (Civil Case Cover Sheet).)

    b. Plaintiff's Complaint and Prayer for Relief seek general and compensatory damages including for loss of earnings and other economic damages, unpaid wages, including minimum and overtime wages, reporting time pay, sick pay, vacation pay, meal and rest period premiums, waiting time penalties pursuant to California Labor Code

---

¹ By demonstrating the basis for the Court's original jurisdiction under the diversity statute, Defendants in no way concede that Plaintiff's claims are valid or that she is entitled to recover anything from Defendant.

      section 203, liquidated damages pursuant to California Labor Code section 1194.2, statutory penalties under the California Labor Code and applicable California Industrial Welfare Commission Wage Orders, and treble damages pursuant to California Penal Code section 496(c). (Oxman Decl., Ex. A, (Complaint), ¶ 1 and Prayer for Relief.[2])

  c. Plaintiff seeks attorneys' fees pursuant to California Labor Code sections 218.6, 226, 1194, and 2802, California Code of Civil Procedure section 1021.5, and Penal Code section 496(c). (*Id.*) At issue are also attorneys' fees pursuant to Labor Code section 1102.5(j). (*Id.*)

  d. Plaintiff also seeks punitive damages. (*Id.*)

27. At the time of Plaintiff's separation from Defendant, on June 12, 2024, Plaintiff was a non-exempt full-time employee who worked approximately 32 to 40 hours per workweek. (Baerde Decl., ¶ 4.) On occasion, Plaintiff also worked overtime. (*Id.*) She earned $19.03 per hour at the time of her termination. (*Id.*)

28. In her Complaint, Plaintiff seeks "loss of earnings and future earning capacity…" (Oxman Decl., Ex. A (Complaint), ¶ 42.) Assuming Plaintiff were to seek to recover loss of earnings through the time of trial in this action, and assuming a trial date of October 30, 2025 (approximately one year from the date of this removal), Plaintiff's loss of earnings claim alone would total: $49,325.76, calculated as follows: average of 36 hours per week x 72 weeks (from June 12, 2024 (Plaintiff's termination) – October 30, 2025) x $19.03 per hour.

29. Conservatively assuming Plaintiff sought one year of front pay, she would also seek to recover an additional $35,624.16, calculated as follows: average 36 hours per

---

[2] Plaintiff also brings a representative action on behalf of herself and all allegedly aggrieved employees who are and were employed by Defendants as non-exempt employees throughout California during the PAGA period. Defendant has not detailed the PAGA penalties Plaintiff might seek to recover on behalf of herself given the amount in controversy is easily satisfied in connection with Plaintiff's other claims. However, should Plaintiff challenge the amount in controversy or seek remand of the action to Superior Court, Defendant reserves the right to detail how Plaintiff's request for individual PAGA penalties, in connection with her other allegations, establish that the amount in controversy exceeds $75,000.

week x 52 weeks x $19.03 per hour. *See Downes v. Volkwagen of Am.*, 41 F.3d 1132, 1143-1144 (7th Cir. 1994) (holding award of front pay for two years' worth of wages was reasonable in employment action). In sum, Plaintiff's request for loss of earnings damages, alone, exceeds the $75,000 amount in controversy.

30. Furthermore, Plaintiff alleges she is owed overtime pay. (Oxman Decl., Ex. A (Complaint), ¶¶ 19, 75.) Assuming Plaintiff is able to establish that she is owed two (2) hours of overtime pay workweek during her employment, Plaintiff would seek to recover $2,169.80, calculated as follows: approximately 38 workweeks (from time of hire on September 19, 2023 – termination on June 12, 2024) x 2 hours of alleged overtime per workweek x $28.55 (overtime rate) per hour.) Plaintiff also claims she is owed sick pay, vacation pay, and meal and rest period premiums. Assuming two (2) hours of allegedly unpaid wages for workweek for these items, Plaintiff would seek to recover an additional $1,446.28, calculated as follows: approximately 38 workweeks x 2 hours owed per workweek x $19.03 per hour. If Plaintiff were to prevail on any one of these claims, she would also be entitled to recover her reasonable attorneys' fees, which as detailed below, easily satisfy the amount in controversy.

31. Furthermore, Plaintiff seeks an unspecified amount of damages for emotional distress. (Oxman Decl., Ex. A, ¶ 43.) "Emotional distress damages may be considered when calculating the amount in controversy." *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002.) Emotional distress awards in excess of $75,000 are routinely awarded in discrimination, retaliation, and wrongful termination cases. *See e.g.*, *Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005) (finding that where a plaintiff's lost wages amount to $55,000, "her emotional distress damages would add at least an additional $25,000 to her claim"); *Canales v. Performance Food Grp., Inc.,* 2017 U.S. Dist. LEXIS 197363 at *10-12 (C.D. Cal. 2017) (noting that emotional distress damages in employment discrimination actions may range from $25,000 to over $100,000); *Sasso v. Noble Utah Long Beach, LLC,* 2015 U.S. Dist. LEXIS 25921 at *12-14 (C.D. Cal. 2015) (holding amount in controversy was satisfied because in employment

discrimination and failure to accommodate cases, emotional distress damages can range from $125,000 to $500,000); *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 450 (S.D. Cal. 1995) (noting emotional distress damages in employment actions are often substantial); *Simmons,* 209 F.Supp.2d at 10333-1034 (same).

32. Additionally, punitive damages alone can exceed $75,000 in retaliation and wrongful termination cases. *See Gomez v. Line,* 2024 U.S. Dist. LEXIS 27596, *5 (C.D. Cal. 2024) (agreeing with the defendant's argument that punitive damages alone can exceed $75,000 in retaliation and wrongful termination cases.)

33. Similarly, attorneys' fees at stake likely also exceed $75,000. A conservative estimate of the time expected by Plaintiff's attorneys to litigate this case would easily total 200 hours, and at a conservative reasonable attorney hourly rate of $300 per hour, Plaintiff's attorneys' fees alone would total $60,000. *See Buchanan v. Atria Senior Living, Inc.,* 2022 U.S. Dist. LEXIS 183354, *9 (E.D. Cal. 2022) (noting the defendant's argument that a conservative estimate of the time expended by plaintiffs' attorneys to litigate this case would easily total 200 hours, and that at a reasonable attorney hourly rate of $400 per hour, plaintiff's attorneys' fees alone would easily exceed $80,000 and finding that "even if plaintiff's counsel charges a lower hourly rate, the total amount in controversy in th[e] case more likely than not exceeds $75,000 due to the amount of hours that plaintiff's counsel will spend litigating th[e] case, especially when accounting for plaintiff's assertion of six separate claims"); *see also Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, *6 (C.D. Cal.) ("This Court and others have held that a reasonable rate for employment cases is $300 per hour" and "[r]ecent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours."); *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 U.S. Dist. LEXIS 130082, *9-10 (E.D. Cal. 2013) (holding that amount in controversy was established based on plaintiff's potential recovery of attorneys' fees). Together with the $35,000 Plaintiff concedes is at-issue (Oxman Decl., Ex. B), the amount in controversy requirement is clearly established.

34. Accordingly, this civil action may be removed to the Court by Defendant pursuant to the provisions of 28 U.S.C. sections 1332(a) and 1441(b) because the action is between citizens of different states and, based on the facts and arguments set forth in paragraphs 22 through 33 above, the amount in controversy more likely than not exceeds the sum of $75,000, exclusive of interest and costs.

## VI. CONSENT TO REMOVAL

35. Defendant, as the lone named defendant, consents to removal in this action.

## VII. NOTICE TO SUPERIOR COURT AND ADVERSE PARTIES

36. As required by 28 U.S.C. section 1446(d), a copy of the Notice of Removal is being filed in the State Court Action.

37. As also required by section 1446(d), Defendant is serving Plaintiff, the only adverse party, and the Superior Court, with this Notice of Removal, and will affirm such in a Declaration of Service.

WHEREFORE, Defendant prays the State Court Action now pending against it in the Superior Court be removed to this Court.

DATED: October 3, 2024                JACKSON LEWIS P.C.

By: /s/ Andrea F. Oxman
Andrea F. Oxman
Maia Mdinaradze
Marco A. Garcia
Attorney for Defendant
DRIFTWOOD HOSPITALITY
MANAGEMENT II, LLC

4879-9073-4826

11
NOTICE OF REMOVAL AND REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441